ELLIS, Judge:
This case arises out of an automobile accident between a car owned and operated by Anthony Dugas and a car owned and operated by Baxter C. Berry. Mr. Dugas and State Farm Mutual Automobile Insurance Company filed this suit for property damages to Mr. Dugas’ automobile. Mr. Berry reconvened for property damage and personal injuries suffered by him in the accident. After trial on the merits, judgment was rendered in favor of plaintiffs for $956.11, and dismissing the reconven-tional demand. From that judgment, defendant has appealed.
According to Mr. Dugas, he was driving south on Airline Highway in East Baton Rouge Parish. He stated that he wanted to make a left turn through a gap in the median, and moved to the inside lane when about one half to one quarter mile from the gap. He testified that he activated his left turn indicator and glanced into his rear view mirror. Seeing the Berry vehicle behind him, he tapped his brakes a couple of times to warn of his intention of slowing down. He stated that when he came to the gap, he made his turn, but had to stop because of traffic passing in the northbound lanes. Immediately after stopping, he was struck by the Berry vehicle. The Dugas car was damaged on the left rear fender.
Mr. Berry testified that he was driving south in the inside lane of Airline Highway at 35 or 40 miles per hour, and that the Dugas vehicle suddenly made a left turn from the outside lane, directly in front of him. He stated he immediately applied his brakes, but was unable to avoid the collision. His car left 68 feet of skid marks up to the point of impact.
The investigating officer placed the point of impact in the inside southbound lane of Airline Highway, six feet out from the median. He testified that it had been raining and the road was wet.
The trial judge found that, considering the length of the skid marks and the speed at which Mr. Berry said he was traveling, he must have been at least 100 feet behind the Dugas vehicle when it made its turn. He was of the opinion that, in the light of the-'wet condition of the road surface, Mr. Berry was either driving too fast for the conditions or was not keeping a proper lookout. He found that plaintiff had proved his case by a preponderance of the evidence.
In this Court, it is argued that the physical evidence indicates that Mr. Dugas had, *671 in fact, made his turn from the outside lane, and thereby created a sudden emergency as to Mr. Berry. It is contended that, had Mr. Dugas turned from the inside lane, the left rear of his car could not have protruded six feet onto the highway. The evidence in the case indicates that the inside lane was 12 feet in width. A sharp turn into the gap from the extreme right side of the inside lane could leave the left rear end of the car six feet out from the median. Since Mr. Dugas intended to make a U turn, it is likely that he turned in this manner.
After a thorough review of the record, we find that the conclusion of the trial judge is fully supported by the evidence. The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.